### GUILBEAU v. HORECKY et al. [*]
### No. 1933.

Court of Appeal of Louisiana. First Circuit.

Dec. 19, 1938.

Dubuisson & Dubuisson, of Opelousas, St. Clair Adams & Son, of New Orleans, for appellants.

J. Y. Fontenot, of Opelousas, for appellee.

OTT, Judge.

The automobile of plaintiff was damaged to the extent of $110 when it was struck by the trailer of a truck owned by defendant John Horecky, owner of the Church Point Wholesale Grocery Company, while the truck was being operated by defendant's driver on the Opelousas-Eunice paved high-

*Rehearing denied Jan. 11, 1939.

way a short distance west of Opelousas. The truck was traveling west, and the collision occurred near a club house, known as "Matts Place" just outside the City limits of Opelousas on November 23, 1937, about 7 o'clock P. M. at which time it was drizzling rain.

Plaintiff's car was being driven by Edward Veillon with the consent of plaintiff. Veillon and a companion had driven out to the club house and had parked the car in front of that place which is located on the north side of the road. Veillon backed up his car and then turned to his left in order to drive back to Opelousas, and he claims that he had completed his left turn and had gotten over onto the right side of the paved road and had straightened out his car and driven 40 or 50 yards from where he turned into the road when the trailer of the truck coming in the opposite direction, because of the sudden application of the brakes by the truck driver, slid or swerved to its left side of the road and struck or side swiped plaintiff's car. The negligence charged to the truck driver is that he failed to keep a proper lookout; that he did not have the truck under proper control, and was driving at an excessive rate of speed in a drizzling rain and on a slippery pavement. The Massachusetts Bonding and Insurance Company, the insurance carrier of defendant's truck, was also made a party defendant.

The answer denies that the truck driver was guilty of any negligence and alleges that the accident was caused by the negligence of Veillon in making a left turn into the highway in front of the truck and at a time when the truck was too close to stop; that the driver of plaintiff's car failed to look and observe the approach of the truck before making the left turn in front of it, thereby creating the emergency which caused the accident. The owner of the truck reconvened for $20.90, the damage to the truck, and asked for a judgment against plaintiff for the amount. In the alternative, defendants pleaded the negligence of the driver of plaintiff's automobile in bar of plaintiff's right of recovery.

Judgment was rendered in favor of the plaintiff, and the reconventional demand of Horecky was rejected. Both defendants have appealed.

Veillon, the driver of plaintiff's car, testified that he had not only completed his left turn into the highway, but that he had driven 40 or 50 yards down the highway when the car was struck by the trailer of the truck; that at the time he was driving 20 to 25 miles per hour with the two left wheels of the automobile on the pavement and the two right wheels on the right shoulder of the road. He is corroborated on these vital points in the case by the testimony of his companion in the car with him and the owner of the club house who was standing in the door of his place at the time. The driver's companion says they had gone 50 or 60 yards after turning into the highway, and the owner of the club house says the accident occurred by a light located 30 or 40 yards east of the front of his place. Therefore, we judge from the testimony of these three witnesses that Veillon had gone anywhere from 30 to 60 yards after making his left turn into the highway, and was not only on his side of the road, but actually had the two right wheels of his car on the shoulder of the road.

The driver of the truck was the only witness who testified for defendants. He says he was going 25 or 30 miles per hour with the lights of his truck burning brightly; that the driver of plaintiff's car turned left into the highway 15 or 20 steps in front of the truck; that he applied the brakes, and the back of the trailer hit the car. The truck driver claims that he was driving on his right side of the road and plaintiff's car was struck as it was making a left turn in front of the truck and before the car had gotten over on its right side of the road.

Veillon testified that the truck could have been seen 150 to 200 yards from the place where he turned left into the highway; that he noticed the truck coming toward him 75 to 100 feet away. It is argued by defendants' counsel that Veillon was negligent in not seeing the approaching truck until it was within 75 or 100 feet of him when he should have seen it 150 to 200 yards away, and should have avoided making a left turn into the highway in front of the truck, unless it was clear that he had ample time to make the turn before the truck arrived. But assuming that Veillon was negligent in failing to see the truck sooner, if, as he claims, he had made the turn and gotten on his side of the road, and had gone 40 or 50 yards his failure to see the truck until he had made the turn and was traveling on his side of the road had nothing to do with the accident. Obviously, if he had made the turn and had gone 40 or 50 yards on his side of the road the truck was more than 75 or 100 feet

away when Veillon began making the left turn.

If the testimony of Veillon and the other two witnesses for plaintiff is true, we have no difficulty in agreeing with the trial judge that the accident was caused by the negligence of the truck driver. If, on the other hand, the story given by the truck driver is true, it is clear that the accident was caused by the negligence of Veillon in making a left turn too close in front of the approaching truck. We see no reason to believe the testimony of the truck driver and disbelieve that of plaintiff's three witnesses. This is another situation where the finding of fact reached by the trial judge must control in the absence of manifest error. He was in a better position than we are to judge the credibility of the witnesses and evaluate their testimony.

For the reasons assigned, the judgment is affirmed at the cost of appellants.